U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 14 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | CRIMINAL DOCKET NUMBER 14-00182 |
| -vs- | CHIEF JUDGE DEE D. DRELL |
| BILL W. WOMACK | MAGISTRATE JUDGE JAMES D. KIRK |

JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge (Doc. 58) previously filed herein, and after an independent, de novo, review of the record including the objections filed, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that Defendant's motion to suppress (Doc. 38) is GRANTED IN PART and that all evidence seized pursuant to the state court warrant is excluded as evidence at trial. In all other respects, the motion to suppress is DENIED.

In so ruling, the court finds that, even though Agent Boddie's statements pertaining to the SUV incident being an "explosives incident" ultimately turned out to be inaccurate, the good-faith exception to the Fourth Amendment exclusionary rule applies to the federal search warrant. The good-faith exception provides that "where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." United States v. Cavazos, 288 F.3d 706, 709 (5th

Cir. 2002). However, the good-faith exception does not apply if the warrant affidavit contains a false statement that was made intentionally or with reckless disregard for the truth. See Franks v. Delaware, 438 U.S. 154, 155–56 (1978). In determining whether an affiant's misrepresentation was intentional or reckless, there are several circumstantial factors that the court must consider: exigency, the materiality of the misrepresentation, the officer's level of training, non-disclosure of facts underlying conclusory statements, and whether the officer consulted with an attorney. See United States v. Alvarez, 127 F.3d 372, 375 (5th Cir. 1997); United States v. Namer, 680 F.2d 1088, 1094 (5th Cir. 1982).

In the present case, Agent Terry Boddie Jr.–the affiant for the federal search warrant–stated in the warrant affidavit that the SUV incident "was later determined to be an explosives incident" and that an "explosion" actually occurred. (Doc. 38-2, p. 4). Defendant argues that Agent Boddie acted in reckless disregard for the truth when he included these statements in the affidavit because "[a]s of this date the cause of the damage to the Yukon is officially listed as undetermined *by the ATF.*" (Doc. 63, p. 11) (emphasis added).

However, at the suppression hearing Agent Boddie clarified that these statements were not referring to an ultimate determination by the ATF but to an initial investigation by the Louisiana State Police. (Doc. 60, p. 24–26). When asked why the two statements in dispute were included in the affidavit, Agent Boddie stated, "Well, the Louisiana State Police and the Catahoula Parish Sheriff's Office, they determined that an explosion had occurred based on their investigation." (Doc. 60, p. 24). According to Agent Boddie's testimony, he was trying to convey in paragraph 3 that the Louisiana State Police

responded to the scene of the incident and subsequently made a determination that an explosives incident had occurred. Further, Agent Boddie explained that the word "explosion" in paragraph 4 was "interchangeable with explosives incident" and he "was referring to the exploded rabbit and all the debris that was in or around the vehicle." (Doc. 60, p. 26–27).

In addition, after an examination of the record, it is clear to the court that exigency was a factor in the present case. During the August 25, 2014 investigation, ATF agents learned that the damaged SUV was being used by Jane Womack, the estranged wife of Defendant Womack, and that, the night before the SUV incident, Mr. Womack had threatened to blow her up if she "put her key in the back door." ATF agents were also told that Mr. Womack was seen on his property within the past few months with several machine guns, pipe bombs, and "pineapple style" hand grenades. Further, ATF agents viewed in Mr. Womack's back yard what, at the time, appeared to be a burned carcass with small springs and wires attached (not of course, this time, a live rabbit whose body parts were unevenly distributed at the site of the SUV incident). (Doc. 38-2, p. 5.).

Based on this evidence and the initial investigation of the SUV incident, Agent Boddie began preparing the search warrant for Mr. Womack's residence between approximately 1:00 p.m. and 2:00 p.m on August 25, 2014. However, Agent Boddie had a 4:00 p.m. appointment with the Magistrate Judge, leaving him with minimal time to prepare the affidavit. In fact, Agent Boddie had to proceed in such haste that Seth Reeg, the Assistant United States Attorney handling the matter, was reading over Agent Boddie's shoulder to review the affidavit so that they could make it to the Magistrate

Judge's office in time. (Doc. 60, p. 50). Therefore, we conclude that the exigency of this particular situation was a major factor in the preparation of Agent Boddie's affidavit, thus excusing the particular errors in paragraph's 3 and 4 of the federal warrant affidavit. See United States v. Neal, 182 Fed. Appx. 366, 370–71 (5th Cir. 2006) (holding that the good-faith exception applied when exigency was present and better "draftsmanship" would have made the affiant's warrant more clear).

Finally, we find that the relevant deficiencies in the warrant affidavit were not crucial to a finding of probable cause and, thus, were not material. See id. at 371 (stating that an immaterial misrepresentation provides circumstantial evidence of good faith). Although hindsight allows the Defendant and the court to scrutinize every word and phrase in the warrant affidavit, the record indicates that Agent Boddie had an objectively reasonable belief that what he included in the affidavit was true. See United States v. Ventresca, 380 U.S. 102, 108–109 (1965) ("[C]ourts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner."). Accordingly, the court finds no evidence that Agent Boddie lied intentionally or in reckless disregard for the truth. The good-faith exception to the exclusionary rule applies to the federal search warrant, and the evidence obtained from that search is not excluded as evidence at trial.

The time during which this motion was pending is EXCLUDED from the speedy trial delays.

SIGNED on this 14th day of September, 2015 in Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT