RECEIVED
SEP 24 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 14-CR-00182-01 |
| VERSUS | * | CHIEF JUDGE DRELL |
| BILL W. WOMACK | * | MAGISTRATE JUDGE KIRK |

## PLEA AGREEMENT

A.    INTRODUCTION

1. This document contains the complete plea agreement between the Government and BILL W. WOMACK, Defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

B.    THE DEFENDANT'S OBLIGATIONS

BILL W. WOMACK shall appear in open court and plead guilty to **Count 2** (Possession of An Unregistered Destructive Device) and **Count 6** (Possession of a Firearm in Furtherance of Drug Trafficking – Bushmaster LR-308, .308 caliber, rifle) of the Indictment pending in this case.

1

C. THE GOVERNMENT'S OBLIGATIONS

1. If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees to dismiss the remaining Counts of the Indictment after sentencing and it will not prosecute the Defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Indictment.

2. The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

3. The Government consents to the Defendant entering a conditional plea, pursuant to Federal Rule of Criminal Procedure 11(a)(2), and that the Defendant reserves his right to appeal the Court's adverse ruling as to the Defendant's Motion to Suppress and, should such appeal be successful, the Defendant shall be allowed to withdraw his guilty plea. Thereafter, the Court shall then reinstate the Indictment which was dismissed and speedy trial requirements will start anew from the date of the Indictment being reinstated.

D.  SENTENCING

BILL W. WOMACK understands and agrees that:

1. The maximum punishment for **Count 2** (Possession of an Unregistered Destructive Device) is a term of imprisonment of not more than ten (10) years or a fine of not more than $250,000.00 (pursuant to 26 U.S.C. § 5861(d)), or both;

2. The maximum punishment for **Count 6** (Possession of a Firearm in Furtherance of Drug Trafficking) is a mandatory term of imprisonment of five (5) years to run consecutive to any other sentence and a fine of not more than $250,000.00 (pursuant to 18 U.S.C. § 924(c)(1)(A));

3. He shall be required to pay a special assessment of **$200.00 at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court."

4. He may receive a term of Supervised Release for **Count 2** of not more than three (3) years in length (pursuant to 18 U.S.C. § 3583(b)) in addition to any term of imprisonment imposed by the Court;

5. He may receive a term of Supervised Release for **Count 6** of not more than three (3) years in length (pursuant to 18 U.S.C. § 3583(b)) in addition to any term of imprisonment imposed by the Court;

6. A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being

incarcerated over and above any period of imprisonment initially ordered by the Court;

7. The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

8. Any fine imposed as part of the Defendant's sentence will be made due and payable immediately, that the Defendant will be held liable for all restitution and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine shall be applied toward the fine and/or restitution award;

9. As part of the presentence investigation the Government will make available to the Court all evidence developed in the investigation of this case;

10. This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

11. The sentencing judge alone will decide what sentence to impose; and

12. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, BILL W. WOMACK. It accurately and completely sets forth the entire plea agreement. I concur in BILL W. WOMACK pleading guilty as set forth in this plea agreement.

Dated: 9-24-15

_____
J. MICHAEL SMALL
Attorney for the Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 9-24-15

*Bill W. Womack*
BILL W. WOMACK
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 9-24-2015

SETH D. REEG
Assistant United States Attorney
Alabama Bar No. ASB 3634-E63R
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600
Seth.Reeg@usdoj.gov

WILLIAM J. FLANAGAN
Assistant United States Attorney
Louisiana Bar No. 05603
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600
William.Flanagan@usdoj.gov